title. There was a demurrer to the whole bill, which was overruled, because the charge amounted to an imposition and fraud. Here the charge of fraud is direct and positive, and must be met otherwise than by a demurrer.

Demurrer overruled.

---

RICHARD GATEWOOD v. THE STATE OF OHIO.

Indictment for stealing bank-bills must aver a *scienter*, or it is defective.

ERROR to the court of common pleas of Hamilton county.

Gatewood was indicted for stealing bank-bills. The indictment was founded upon section 16 of the act for the punishment of crimes, vol. xxii. 261, which provides : That if any person shall steal, etc., any bank-bills, etc., of fifty dollars, or upward, *knowing them to be such*, every person, etc.

The indictment contained no averment that the prisoner *knew* the bills stolen to be bank-bills. The prisoner was convicted and sentenced ; and this writ was sued out to reverse the judgment.

STRAIT & HAWES, for the plaintiff in error :

*An indictment for an offense against the statute must, [387 with certainty and precision, charge the defendant to have committed the facts under the circumstances, and with the intent mentioned in the statute, and if any one of these ingredients be omitted, the omission is fatal on demurrer, in arrest of judgment or on error. Arch. C. L. 23, 25 ; Stark. C. L. 242.

The indictment, then, ought to have averred that the defendant *knew* the bills to be bank-bills.

On the statute Eliz., which makes it high treason to clip, round, or file any coin, etc., for wicked lucre or gain's sake, the indictment must charge the offense to have been committed for the sake of wicked lucre or gain. 1 Hale, 220.

The same doctrine applies to an indictment upon the black act. Leach, 556 ; Arch. C. L. 223.

The same principle is found in Stark. C. L. 244.

The case of The King v. Lukes and others, 3 Term, 537, under

the statute 36 Geo. III., Ch. 60, sec. 2, is fully in point with the present case, and shows the indictment to be bad.

There was no argument in behalf of the state.

By the COURT:
The objection taken is fatal. Where the *scienter* is part of the statutory description of the offense, it must be so laid in the indictment.
Judgment reversed.

388]    *JOSEPH McDOUGAL *v.* WILLIAM FLEMING.

A bill of exceptions lays no foundation for reversing the judgment, unless it contains matter distinctly showing that the party taking it might have been prejudiced by the judgment excepted to.

ERROR to the court of common pleas of Hamilton county.
The plaintiff in error brought an action of *assumpsit*, in the court below, for the use and occupation of a house and lot in Cincinnati, and also on a special contract to pay rent.
The declaration contained three counts : *First.* That on May 1827, the plaintiff demised the premises to the defendant, in consideration of which, and of the possession and enjoyment thereof, the defendant promised to pay three dollars per month, and that the defendant entered and has ever since enjoyed, etc. *Second.* That on November 5, 1827, the defendant promised to pay the plaintiff three dollars per month, as rent for said premises, in consideration that the plaintiff had demised the same by parol to the plaintiff, with an averment that the defendant had occupied. *Third.* General *indebitatus assumpsit* for the use and occupation of these premises. Plea—general issue with notice.
Upon the trial before the jury, the defendant, under his notice, offered in evidence the record of a judgment in an action of ejectment rendered in the Supreme Court of Hamilton county, at May term, 1829, in which McDougal was lessor of the plaintiff, and Fleming defendant, and which was brought to recover possession of the same house and lot. The demise in the declaration in eject-